UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MELINDA FREY, YAJAIRA RUIZ MERCEDES,
and FRANCINE PARZIALE, Individually and on
behalf of all other persons similarly situated,

        Plaintiffs,                            CV 09-5430
                                                         (Wexler, J.)

    -against-

BEKINS VAN LINES, INC. TRIPLE CROWN
MAFUCCI STORAGE CORP., TRIPLE CROWN
MOVING & STORAGE, INC., JUDD LEVINE,
PAUL LEVINE and JOHN DOES #1-10,
JOINTLY and SEVERALLY,

                            Defendants.
------------------------------------------------------------X
APPEARANCES:

    LEEDS MORELLI & BROWN, P.C.
    BY: JEFFREY K. BROWN, ESQ.
    Attorneys for Plaintiff
    One Old Country Road, Suite 347
    Carle Place, NY 11514

    THE CULLEN LAW FIRM
    BY: JOSEPH A. BLACK, ESQ.
        DANIEL E. COHEN, ESQ.
    Attorneys for Plaintiffs
    1101 30th Street, N.W. Suite 300
    Washington, D.C. 20007

    GOTTLIEB & ASSOCIATES
    BY: JEFFERY M. GOTTLIEB, ESQ.
    Attorneys for Plaintiffs
    150 East 18th Street Suite PHR
    New York, New York 10003

    BARRY N. GUTTERMAN & ASSOCIATES, P.C.
    BY: BARRY N. GUTTERMAN, ESQ.
    Attorneys for Defendant Triple Crown Mafucci Storage Corp.,
    Triple Crown Moving & Storage, Inc., Judd Levine, Paul Levine
    85 Davids Way
    Bedford Hills, New York 10507

DOMBROFF GILMORE JACQUES & FRENCH
BY: KAREN M. BERBERICH, ESQ.
Attorneys for Defendants Bekins Van Lines, LLC
40 Broad Street Suite 701
New York, New York 10004-2382

WEXLER, District Judge

This is an action commenced by three Plaintiffs alleging federal and state causes of action arising out of the Plaintiffs' shipment of household goods by the Defendant companies. Plaintiffs style the action as a class action, seeking to represent themselves and all others similarly situated. Plaintiffs are unrelated, but each used one or a combination of the Defendants' shipping services. Broadly stated, Plaintiffs claim that Defendants are engaged in a pattern and practice of quoting lower shipping prices than those ultimately charged – a practice referred to as "low-balling" estimates – with the intent of charging higher amounts. Defendants are also accused of overcharging their customers with respect to a variety of add-on services, including fuel supplements and insurance premiums on policies that Defendants are alleged never to have obtained.

Presently before the court are Defendants' motions, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint. All Defendants move to dismiss on the ground that Plaintiffs' claims are preempted by federal law. In the event that the complaint is not dismissed on the ground of preemption, the complaint is nonetheless sought to be dismissed on various additional grounds for failure to state a claim. Plaintiffs oppose all aspects of the motions.

2

## BACKGROUND

I.  The Parties and the Factual Allegations

The facts set forth below are drawn from the pleadings and documents forming the basis of the parties' transactions, of which they are aware and rely upon. The facts are construed in the light most favorable to Plaintiffs, the non-moving parties.

As noted, Plaintiffs are individuals who have used Defendants' shipping services. Plaintiff Melinda Frey ("Frey") is a resident of the State of California. Plaintiff Yajaira Ruiz Mercedes ("Mercedes") is a resident of Arizona, and Plaintiff Francine Parziale ("Parziale") resides in North Carolina.

Defendant Bekins Van Lines, LLC ("Bekins") is a Nebraska corporation with its principle place of business in Illinois. Bekins, a motor carrier engaged in the business of transporting household goods, is a party to an agency agreement with Defendant Triple Crown Mafucci Storage Corporation ("Mafucci"), a New York corporation with its principle place of business in New York. Under the agreement between Bekins and Mafucci, a company engaged in the moving and storage business, Mafucci acts as Bekins' agent in the transportation of, inter alia, household goods. The individual Defendants are alleged to be involved in the ownership and/or management of Mafucci, and owners of "significant" stock in Bekins.

Documents before the court indicate that Defendant Bekins transported goods for Plaintiff Frey in 2007, and for Plaintiff Mercedes in December of 2008. Triple Crown Mafucci transported household goods for Plaintiff Parziale in February of 2009. All of plaintiffs' shipments originated in New York, and terminated in their current states of residence. Frey alleges that the estimated cost of shipment provided by Bekins (based upon the estimated weight of her goods) was $4,059. She alleges that she was charged for 835 more pounds than estimated, as well as additional fees that were not agreed upon. Frey also alleges that she was charged for

3

an insurance policy that was never purchased. Frey states that her final shipment bill was $5,898, exceeding the original estimate by $1,839. Mercedes alleges that she was quoted a moving price of $5,287, and that after shipment was completed, she was asked to pay $7,800. Ultimately, Mercedes agreed to payment in the amount of $6,200. Parziale alleges that she was provided an estimate of $9521.62 for transport of her household goods. She states that she was ultimately charged over $16,000. All Plaintiffs question the veracity of Defendants' statements regarding the ultimate weight of their goods, stating that Defendants never actually weighed the trucks transporting their goods. In addition to alleging a variety of sharp business practices, it is alleged that the weight tickets submitted to customers were false, fraudulent and/or altered by Defendants.

II. The Complaint

A. Federal Claims

Plaintiffs' complaint contains three federal causes of action. First, Plaintiffs allege a cause of action pursuant to 49 U.S.C. §13707(b)(3)(A)(ii) ("Section 13707"). Section 13707, entitled "payment of rates," states that a carrier providing transportation of household goods is required to surrender possession of transported goods upon payment of not more than 110% of charges provided in a non-binding estimate provided to the shipper. Plaintiffs' Section 13707 claim alleges that they were charged more than the 110% provided for in the statute. The second federal cause of action is set forth pursuant to 49 U.S.C. § 13708(a) ("Section 13708(a)"). Section 13707(a), entitled "billing and collection practices," requires a motor carrier to disclose the actual rates, charges, or allowances for any transportation service. 49 U.S.C. § 13708(a). Third, Plaintiffs allege a violation of 49 U.S.C. § 13708(b) ("Section 13708(b)"), which states that, "[n]o person may cause a motor carrier to present false or misleading information on a document about the actual rate, charge, or allowance to any party to the transaction." 49 U.S.C.

4

§ 13708(b). Plaintiffs' motion papers make clear that the procedural vehicle for the federal claims alleged is 49 U.S.C. § 14704(a)(2) ("Section 14704"). That statute provides for carrier liability for damages sustained by a person as a result of an act or omission violating, inter alia, the statutes referred to above.

### B. State Law Claims

Plaintiffs' state law claims allege common law claims in breach of contract, unjust enrichment, fraud, negligence, negligent misrepresentation, and breach of the duty of good faith and fair dealing. Additionally, Plaintiffs alleges state law claims for the alleged violation of Sections 349 and 350 of the New York State General Business Law and the New York Code of Rules and Regulation (the "NYCRR").

### III. The Motion to Dismiss

As noted, Defendants seek to dismiss the state law claims on the ground of preemption. This argument is based upon both "field preemption," i.e., that Congress has evidenced an intent to occupy completely the field of matters arising out of the interstate transport of household goods, as well as specific statutory preemption. The latter argument is based upon 49 U.S.C. § 14706(a)(1), referred to as the "Carmack Amendment," which imposes liability on carriers for "actual" loss or injury to the property," shipped. 49 U.S.C. § 14706(a)(1).

In addition to the ground of preemption, Defendants seek dismissal of the state claims on statute of limitations grounds. Defendants also seek dismissal on the ground that Plaintiffs can show no damages because each was properly billed according to proper tariffs based upon the weight of the goods shipped. Defendants seek dismissal of the causes of action under Section 349 and 350 of the New York General Business Law based upon the statutory defense that they have acted in compliance with federal regulations. Finally, dismissal of the breach of contract action is sought on the ground that the Plaintiffs can allege only that the relevant parties entered

5

into non-binding contracts of estimate, which agreements cannot be characterized as enforceable contracts.

Addressing the merits of the federal claims, Defendants argue that they have violated neither Section 13707, Section 13708(a), nor Section 13708(b). As to Section 13707, Defendants argue that the reference to payment of "no more than 110% of the estimated charge," refers not to a ceiling over the estimate that may be ultimately charged, but to a requirement that possession of goods be turned over upon payment of not more than 110% of the estimated charge. Defendants thus interpret Section 13707 to refer to a partial payment to receive possession of shipped goods. As to Sections 13708(a), and 13708(b), Defendants argue that no private rights of action exist. To the extent that the court interprets the statutes to allow for private actions, Defendants argue that their full disclosure of truthful information shows that there was no violation here.

After outlining applicable legal principles, the court will turn to the merits of the motion.

## DISCUSSION

I. Preemption

A. Legal Principles

The Supremacy Clause of the United States Constitution "invalidates state laws that 'interfere with, or are contrary to,' federal law." Hillsborough County v. Automated Med. Labs., Inc., 471 U.S. 707, 712 (1985) (quotation omitted). Preemption of state laws can be either express or implied. State law is expressly preempted where "a federal statute expressly directs that state law be ousted." Air Transport Ass'n of America, Inc. v. Cuomo, 520 F.3d 218, 220 (2d Cir. 2008), quoting, Ass'n of Int'l Auto. Mfrs. v. Abrams, 84 F.3d 602, 607 (2d Cir.1996); see e.g., Island Park, LLC v. CSX Transp., 559 F.3d 96, 101 (2d Cir. 2009) (referring to express statutory preemption provision of Interstate Commerce Commission Termination Act, 49 U.S.C.

§10501(b), stating that "the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law").

In the absence of express language of preemption, preemption may be implied where "the scope of the statute indicates that Congress intended federal law to occupy the legislative field, or if there is an actual conflict between state and federal law." CSX Transp., 559 F.3d at 101, quoting, Altria Group, Inc. v. Good, 129 S. Ct. 538, 543 (2008). Thus, preemption is implied when federal regulation of a field is so pervasive so as to imply that there will be no supplementation of that regulation by state law. See Air Transport Ass'n., 520 F.3d at 220-21. The issue of preemption is determined by interpreting the intent of Congress in enacting federal law. The starting point of any such interpretation is the plain language of the federal law, and thereafter moving on to consider the "structure and purpose of that law." Id. at 221. When determining the issue of preemption, the court must be mindful of the "assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." New York State Restaurant Ass'n v. New York City Bd. of Health, 556 F.3d 114, 123 (2d Cir. 2009) (citation omitted).

B. The State Law Claims Are Not Preempted

The court addresses first the issue of express preemption by the Carmack Amendment, and holds that there is no such preemption here. The plain language of the Carmack Amendment refers to the liability of a shipper only for loss or damage to property shipped. Thus, the statute states that the "liability imposed" "is for the actual loss or injury to the property . . . ." 49 U.S.C. § 14706(a)(1)(emphasis added). The statute make similar reference to injury to property. See 49 U.S.C. §(f)(1)(2) (setting carrier's maximum liability for "household goods that are lost, damaged, destroyed or otherwise not delivered"). The foregoing language makes it clear to the court that the Carmack Amendment refers only to actions to recover for lost or damaged goods.

7

There are no such claims raised here, and therefore this action is in no way expressly preempted by the statute. Accord Learning Links, Inc. v. United Parcel Serv. of American, 2006 WL 785274 *4(S.D.N.Y. 2006) (referring to "binding and well-settled principle in the Second Circuit that the Carmack Amendment preempts only state law actions for lost or damaged goods"); accord Sokhos v. Mayflower Transit, Inc., 691 F. Supp. 1578,1581 (D. Mass. 1988) (Carmack Amendment preempt only state law claims for lost to goods, but not state law claims of deceptive practices).[1]

Having concluded that the Carmack Amendment does not expressly preempt Plaintiffs' claims, the court considers Defendants' claim of field preemption, i.e., that the federal government's pervasive regulation evidences the intent to preempt entirely claims arising out of the shipment of household goods. The court holds that there is no such preemption here. Persuasive on this issue is the plain language of 49 U.S.C. § 13103, stating, "except where otherwise provided in this part, the remedies provided under this part are in addition to remedies existing under another law or common law." 49 U.S.C. § 13103. When this clear language is coupled with the underlying assumption that preemption is not to be found in the absence of the "clear and manifest purpose of Congress," New York State Restaurant Ass'n, 556 F.3d at 123, the court has little difficulty concluding that Congress did not intend to supplant claims such as those raised here. Indeed, such claims can easily stand side by side, and do not conflict with Federal shipping regulations. Where, as here, the claims do not allege damage to goods and are therefore not covered by the Carmack Amendment, there is no preemption. There is no reason to

---

[1] Cases within this circuit relied on by Defendants involved claims for damaged goods and are therefore inapposite. See, e.g., Fyke Trading USA, Inc. v. New England Motor Freight, 2008 WL 4443222 *2 (W.D.N.Y. 2008).

deprive a consumer of state law protection on the ground of federal preemption. In, sum, Plaintiffs' claims are in no way preempted by federal law.

II. Statutes of Limitation

The courts' holding that the Carmack Amendment does not apply easily disposes of any claim that the statute of limitations applicable to damaged goods claims bars this action. The court therefore rejects any statute of limitations argument based upon the Carmack Amendment period of limitation. The court rejects the remainder of the statute of limitations arguments at this stage of the proceedings. First, in many ways, Defendants mischaracterize Plaintiffs' arguments. Plaintiffs are not complaining of overcharging set tariffs rates – they are claiming fraud and deceptive practices. They are not claiming that they were overcharged for a specific weight, but that their goods were not, in fact, weighed. It cannot be said whether Plaintiffs' allegations will be borne out by facts uncovered in discovery. The court, however, must await the development of facts before it can properly categorize the claims, when they arose, and which statute of limitation applies. To the extent that the motion seeks dismissal on statute of limitations grounds, it is denied.

III. Recoverable Damages

Defendants argue that Plaintiffs' claims must be dismissed because they fail to allege any recoverable damages. This argument, however, is based upon the assumptions that: (1) the estimated weight is not binding on the shipper, and (2) the actual charges to Plaintiffs reflect the actual weight of their goods. Defendants' argument misses key factual allegations of the complaint, i.e., that Plaintiffs' goods were not actually weighed, and that Plaintiffs were fraudulently charged for an overstated weight. When viewed in this light, Plaintiffs may, indeed recover damages. Key factual issues including whether or not Plaintiffs' goods were actually and properly weighed are matters that will be explored during discovery, and the court cannot

assume the truth of any parties' allegations at this time. Any argument that the complaint should be dismissed for failure to allege damages is therefore rejected.

IV.  New York General Business Law Sections 349-350

Defendants seeks dismissal of all claims pursuant to Sections 349 and 350 of the New York State General Business Law. Defendants seek to invoke the provision in this consumer protection statute which provides for a complete defense if the act or practice claimed to have been deceptive is "subject to and complies with the rules and regulations of, and the statutes administered by . . . any official department, division, commission or agency of the United States." N.Y. Gen. Bus. L. §349(d). While Defendants may ultimately be able to take advantage of this provision, any ruling as to its applicability is completely premature. The motion to dismiss the claims brought pursuant to Sections 349 and 350 is denied.

V.  Breach of Contract

Defendants move to dismiss the breach of contract claim to the extent that any such claim is based upon the non-binding estimates provided to the Plaintiffs. Defendants reason that since estimates are non-binding, there can be no breach of contract claim based upon the difference between the estimate and the final price charged. Plaintiffs have not responded to this argument, and the court therefore deems the matter to be conceded. Therefore, the court grants the motion to dismiss the breach of contract claim.

VI.  Merits of Federal Claims

The court declines to dismiss the federal claims on the merits at this point in the proceedings. As discussed above, numerous questions of fact have been raised with respect to Plaintiffs' claims. The court cannot address the merits of the motion to dismiss all federal claims in the absence of such factual development and holds, at this point, that Plaintiffs allegations are sufficient to defeat a motion to dismiss for failure to state a claim. Additionally,

in the absence of clear evidence regarding the corporate relationship among the Defendant companies and the individual Defendants, the court makes no finding at this time with respect to individual or joint liability.

## CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss are granted with respect to the breach of contract claims, and are otherwise denied in their entirety. In the event that they have already not done so, counsel are directed to contact the assigned Magistrate Judge for the purpose of entering into an appropriate discovery schedule.

SO ORDERED

/s/ LEONARD D. WEXLER
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
October 25, 2010