UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MELINDA FREY, et al.,

                              Plaintiff(s),                     **ORDER**
                                                                                   **CV09-5430(LDW)(WDW)**

       -against-

BEKINS VAN LINES, INC., et al.,

                              Defendant(s).
-------------------------------------------------------------------X

**WALL, Magistrate Judge:**

Before the court is a motion by defendants Triple Crown Mafucci, Triple Crown Moving & Storage, Inc., Judd Levine, and Paul Levine (collectively, "Triple Crown") to quash subpoenas for the depositions of certain non-party employees of Triple Crown. DE[40]. The motion is opposed by the plaintiffs (DE[41]) and is DENIED for the reasons set forth herein.

The movants argue that the non-parties, their employees, previously "threatened to file an action against Triple Crown for discrimination and harassment." DE[40] at 1. Their complaints were arbitrated and settled, and a Settlement Agreement and General Release signed. *Id*., Ex. B. The Agreement provided, *inter alia,* that "to the fullest extent permitted by applicable law, claimants agree not to aid, assist or participate in any action or proceeding filed by third parties against any of the Releasees . . .," including Triple Crown. The Agreement also provided that the parties would "not make, or cause to be made, any disparaging remarks, publicly or privately about each respective party, any of their affiliates, or any of their respective owners, members, officers, managers, or agents." *Id*. The motion is denied. These provisions do not bar the subpoenaed depositions of the non-parties herein.

"When balanced against the need for discovery in litigation, confidentiality agreements cannot preclude otherwise permissible discovery," a holding that is easily applied to the

settlement agreement at issue here. *Sparks v. Seltzer,* 2006 WL 2358157, *4 (E.D.N.Y. Aug. 14, 2006). "Absent possible extraordinary circumstances . . . it is against public policy for parties to agree not to reveal, at least in the limited contexts of depositions . . . concerning litigation arising under federal law, facts relating to alleged or potential violations of such law." *Id.* (citing *Chambers v. Capital Cities/ABC,* 159 F.R.D. 441, 444 (S.D.N.Y. 1995)). "Indeed, agreements restricting . . . employee revelation of events in the workplace which are not privileged but may involve violations of federal law have the effect of hindering implementation of the Congressionally mandated duty to enforce the provisions of federal statutes." *Id.* (internal punctuation and citations omitted). Here, the plaintiffs have alleged violations of various federal regulations on the part of the defendants by "*inter alia*, [their] falsifying shipping documents for the purpose of exacting fraudulent shipping fees." DE[41] at 2; and see Complaint DE[1]. They are entitled to depose the non-parties on issues relevant to this lawsuit.

Dated: Central Islip, New York  **SO ORDERED:**
       March 21, 2011

                                                /s/ William D. Wall
                                               WILLIAM D. WALL
                                               United States Magistrate Judge