# DOMBROFF GILMORE JAQUES & FRENCH

MIAMI, FL
WASHINGTON, D.C.
CHICAGO, IL

40 BROAD STREET • SUITE 701

NEW YORK, NEW YORK 10004-2382

TELEPHONE
(212) 742-8450
TELECOPIER
(212) 742-0161

PLEASE RESPOND TO

WRITER'S DIRECT DIAL NUMBER

New York

(212) 742-8450

November 17, 2011

**VIA OVERNIGHT MAIL**

Hon. Leonard D. Wexler, U.S.D.J.
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

          Re:    Melinda Frey, et al. v. Bekins Van Lines, Inc., et al.
                Civil Action No.: CV-0905430

Dear Judge Wexler,

      We are counsel for Bekins Van Lines, Inc. ("Bekins") in the above-referenced cause of action. We seek the Court's permission to file a Motion for Summary Judgment dismissing the remaining causes of action in Plaintiffs' Amended Complaint, as there exists no issue of material fact as to these causes of action upon which relief may be granted. To that end, and pursuant to Your Honor's rules, we write to request a pre-motion conference.

      All but four of Plaintiffs' fourteen causes of action have been dismissed.[1] The four remaining causes of action are: (1) Plaintiffs' First Cause of Action alleging violation of 49 U.S.C. §13707(b)(3)(A)(ii); (2) Plaintiffs' Second Cause of Action alleging violation of 49 U.S.C. § 13708(a); (3) Plaintiffs' Third Cause of Action alleging violation of 49 U.S.C. § 13708(b); and (4) Plaintiffs' Thirteenth Cause of Action alleging violation of 49 CFR § 375.215 and 49 CFR § 375.519. Bekins' respectfully requests permission to move for summary judgment with respect to these remaining counts.

      First, with respect to Plaintiffs First Cause of Action, Plaintiffs allege that Bekins violated 49 U.S.C. §13707(b)(3)(A)(ii) by charging "more than 110 percent of the initial estimate they quoted." See Complaint ¶¶ 60-61. This statute does not prohibit carriers from charging more than 110 percent of the initial estimate; rather, the statute requires the carrier *to give up*

---

[1] On October 25, 2010 the Court dismissed Plaintiffs' Fourth Cause of Action for breach of contract in its Decision on Bekins' Motion to Dismiss pursuant to Rule 12(b)(6). See Doc. # 22. On August 9, 2011, the Court dismissed all of Plaintiffs' state law causes of action, specifically the Fifth through the Twelfth Causes of Action in Plaintiffs' Amended Complaint, in its Decision on Bekins' Motion for Judgment on the Pleadings. See Doc #66.

DOMBROFF GILMORE JAQUES & FRENCH

Hon. Leonard D. Wexler, U.S.D.J.
November 17, 2011
*Page 2*

*possession* of the household goods being transported upon receipt of payment of 110 percent of the charges contained in the estimate. The statute states as follows:

(A) In general. A carrier providing transportation of a shipment of household goods shall ***give up possession of the household goods being transported*** at the destination upon payment of--
    (i) 100 percent of the charges contained in a binding estimate provided by the carrier;
    (ii) ***not more than 110 percent of the charges contained in a nonbinding estimate provided by the carrier***; or
    (iii) in the case of a partial delivery of the shipment, the prorated percentage of the charges calculated in accordance with subparagraph (B).
(emphasis added).

This rules does not apply to shippers who paid more than 110% of the estimate, as suggested by Plaintiffs. It applies only if the shipper, at the time of delivery of their household goods, offered payment of 110% of the estimated charges to the carrier. The shipper would only be entitled to relief under this statute if the carrier then refused to deliver the goods. This situation did not occur with respect to the two named Plaintiffs. Plaintiffs made no request to make a partial payment, so Plaintiffs did not attempt to avail themselves of this protection. Accordingly, there is no cause of action against Bekins under this statute.

With respect to Plaintiffs' Second and Third Causes of Action, Plaintiffs will be unable to sustain a viable claim either under 49 U.S.C. § 13708(a) or 49 U.S.C. § 13708(b) as a private right of action does not exist under these statutes. See Haley Hill Designs, LLC, et al. v. United Parcel Service, Inc., 2009 U.S. Dist. LEXIS 109512 (C.D. Ca 2009). Further, Section 13708(b) "does not even apply to a motor carrier, but rather to 'person[s]' who 'cause a motor carrier to present false or misleading information,' *i.e.*, a customer who receives an off-bill discount that it does not want the carrier to disclose to the ultimate payer." Id. Moreover, the evidence does not prove that Bekins violated these statutes in any way.

Likewise, with respect to Plaintiffs' Thirteenth Cause of Action, no private right of action exists for violations of 49 CFR § 375.215 and 49 CFR § 375.519 under 49 U.S.C. §14704(a)(2). Plaintiffs assume, incorrectly, that they and other putative class members have a private right of action for damages under 49 U.S.C. § 14704(a)(2) for violation of certain regulations. However, in reviewing the plain language of the statute as well as the other two immediately preceding sections, it is clear a private cause of action does not exist for violations of 49 CFR § 375.215 and 49 CFR § 375.519. In the absence of a private right of action under federal law, the Court lacks federal question jurisdiction under 18 U.S.C. § 1331. Murphy v. Lanier, 204 F.3d 911 (9th Cir. 2000). A class action may proceed only if the court has jurisdiction, and Rule 23 does not confer subject matter jurisdiction. Cramer v. Florida, 117 F.3d 1258, 1264 n.16 (11th Cir. 1997).

Lastly, Plaintiffs' action is time barred under the applicable Statute of Limitations. Limitations on actions by and against Part 135 carriers are set forth at 49 U.S.C. § 14705, which

DOMBROFF GILMORE JAQUES & FRENCH

Hon. Leonard D. Wexler, U.S.D.J.
November 17, 2011
*Page 3*

specifically provides: "(b) Overcharges. A person must begin a civil action to recover overcharges within 18 months after the claim accrues." See 49 U.S.C. § 14705(b). Under 49 U.S.C. § 13710, a shipper seeking to contest the charges originally billed or additional charges subsequently billed must do so within 180 days of receipt of the bill. See 49 U.S.C. § 13710. This class action was not commenced within the requisite time frame. Pursuant to both these statutes, Plaintiffs' claims are time barred.

Bekins' previously moved to dismiss Plaintiffs' First, Second and Third Causes of Action in its prior Motion to Dismiss pursuant to Rule 12(b)(6).[2] This Court determined that it could not "address the merits of the motion to dismiss all federal claims in the absence of [] factual development . . . ." See Doc. # 22, p. 10. With respect to Bekins' arguments regarding the Statute of Limitations, the Court concluded that it "must await the development of facts before it can properly categorize the claims, when they arose, and which statute of limitations applies." See Doc. # 22, p. 9. Accordingly, as discovery is closed and the factual record complete[3], the court is now in a position to make a determination as to the dismissal of Plaintiffs' federal causes of action.

Therefore, Bekins' respectfully requests a pre-motion conference with the Court for leave to file a Motion for Summary Judgment with respect to Plaintiffs' remaining causes of action.

Sincerely,

DOMBROFF GILMORE JAQUES & FRENCH

By: _____
Karen M. Berberich (KB 6300)

To:  Jeffrey K. Brown, Esq. *(via electronic mail)*
     Joseph A. Black, Esq. *(via electronic mail)*
     Daniel E. Cohen, Esq. *(via electronic mail)*
     Jeffrey M. Gottlieb, Esq. *(via electronic mail)*
     Barry N. Gutterman, Esq. *(via electronic mail)*

---

[2] Plaintiffs filed an Amended Complaint on April 15, 2011, which first alleged Plaintiffs' Thirteenth Cause of Action. Consequently, Plaintiffs' Thirteenth Cause of Action was not part of Bekins' 30(b)(6) motion to dismiss.
[3] Plaintiffs have made a motion to compel against Bekins, which is pending before Magistrate Judge Wall. Plaintiffs' motion does not impact Bekins' ability to move for summary judgment at this time.