# LEEDS
# MORELLI
# & BROWN, P.C.

Reply to:
One Old Country Road
Suite 347
Carle Place, NY 11514
(516)873-9550
www.lmblaw.com

—— *Attorneys at Law* ——

November 23, 2011

***Via ECF***
Judge Leonard D. Wexler
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

> **Re:** **Melinda Frey, *et. al* v. Bekins Van Lines, Inc., *et. al*;**
> **Case No. 09-cv-05430 (WDW)(LDW)**

Dear Judge Wexler:

This letter is filed on behalf of the Plaintiffs in the above-captioned action in opposition to Defendants Bekins Van Lines, Inc. ("Bekins") and Triple Crown Maffucci Corp., *et al,* request for permission to file a Motion for Summary Judgment.

This action seeks to redress a practice by Bekins and its agents of "low-balling" their estimates to pick up and deliver the household goods of potential customers and then – after obtaining the business and picking up the goods – jacking up the cost of delivery based on false weight tickets for the shipments or charging for services not provided. These practices violate various provisions of federal law and regulations governing the interstate transportation of household goods and are actionable under 49 U.S.C. 14704(a)(2).

Bekins proposes to make four arguments in its summary judgment motion: (1) there is no private right of action for the federal claims; (2) Bekins is not a person under 49 U.S.C. § 13708 and thus is not subject to its provisions; (3) the Plaintiffs cannot claim relief from of violations of 49 U.S.C. § 13707(b)(3)(A)(ii) because neither one of them made a claim under this section when their household goods were delivered; and (4) the statute of limitations has run on the named plaintiffs. Each is discussed below.

First, Bekins renews its claim that its fraud is not subject to a private right of action. This argument ignores, however, that Plaintiffs plead recovery under 49 U.S.C. 14704(a)(2), which make violations of 49 U.S.C. Part 135 actionable by private parties. *See Fulfillment Services, Inc. v. United Parcel Service, Inc.,* 528 F.3d 614, 620 (9th Cir. 2008) (citing *Rivas v. Rail Delivery Serv., Inc.,* 423 F.3d 1079, 1082 (9th Cir. 2005)); *Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.,* 192 F.3d 778 (8th Cir. 1999). Bekins ignores these cases and cites a district court decision that does not make a

Judge Leonard D. Wexler
November 23, 2011
Page 2

contrary finding. *See Haley Hill Designs, LLC v. United Parcel Service, Inc.* 2009 WL 4456209 (C.D. Cal.) ("Assuming there is even a private right of action under this statute, Plaintiffs have not stated a claim.") All the federal statutes and regulations under which Plaintiffs seek recovery are contained in Part 135 or promulgated under the authority of that Part and are thus privately actionable. *See New Prime,* 192 F.3d at 783-84 (regulations promulgated under Part 135 are privately actionable). Therefore, there can be no question that this Court has jurisdiction over Plaintiffs' federal claims.

Bekins argues that it is not subject to 49 U.S.C. § 13708(b) because it is not a "person" under that provision. That provision provides:

> (b) False or misleading information.-- No person may cause a motor
> carrier to present false or misleading information on a document about the
> actual rate, charge, or allowance to any party to the transaction.

Bekins argues that Defendants can knowingly present "false or misleading information" with impunity because it was not the "person" who "caused" the motor carrier to disseminate the false information. However, all of the parties who may have caused Bekins to use the false information either work for or are agents of Bekins, and thus Bekins is responsible for their actions under agency theory. If there is any doubt the scope of this provision, however, it is cleared up by reference to 19 C.F.R. § 375.215, which provides simply "You must issue an honest, truthful freight or expense bill in accordance with subpart A of part 373 (describing bills of lading) of this chapter." Thus, Bekins can be held liable for issuing bills of lading based on false information under either 49 U.S.C. § 13708(b) or 19 C.F.R. § 375.215.

Third, Plaintiffs no longer contend that 49 U.S.C. § 13707(b)(3)(A)(ii) is a basis of liability. However, Plaintiffs believe this regulation is relevant to determining which shipments are fraudulent under Counts 2, 3 and 13. When examining Bekins' data to find shipments where the final weight exceeded the estimated weight, Plaintiffs eliminated those shipments where that difference was less than ten percent. The basis for that cutoff is 49 U.S.C. § 13707(b)(3)(A)(ii). Thus, this regulation is a relevant consideration, not an independent basis for liability. Plaintiffs have already provided Defendants copies of the preliminary estimate of damages calculated on this basis – attached as an exhibit to Plaintiffs motion for class certification, and as part of an expert report provided on November 4, 2011.

Finally, Bekins provides no basis for asserting that there is a specific statute of limitations for Plaintiffs' claims. Since Plaintiffs are focused on Bekins' practice of using fraudulent weight tickets, its claims are not covered by limitations period of the Carmack Amendment, relating to loss or injury to property, or that of the provision governing overcharges of its tariff. Because there is no specific statute of limitations, this action is covered by the four-year catchall limitations period of 28 U.S.C. § 1658. *See Owner Operator Independent Drivers Ass'n, Inc. v. Landstar System, Inc.,* 541 F.3d 1278, 1297 (11th Cir. 2008).

Judge Leonard D. Wexler
November 23, 2011
Page 3

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Plaintiff's request to file a Motion for Summary Judgment.

Sincerely,

Jeffery K. Brown

cc:     All counsel of record (via ECF)