```
                                            FILED
                                       IN CLERK'S OFFICE
                                    U S DISTRICT COURT E.D N Y
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

★   APR -2 2012   ★

LONG ISLAND OFFICE

MELINDA FREY and YAJAIRA RUIZ MERCEDES,
Individually and on behalf of all other persons
similarly situated,

                Plaintiffs,

CV 09-5430
(Wexler, J.)

    -against-

BEKINS VAN LINES, INC. TRIPLE CROWN
MAFUCCI STORAGE CORP., TRIPLE CROWN
MOVING & STORAGE, INC., JUDD LEVINE,
PAUL LEVINE and JOHN DOES #1-10,
JOINTLY and SEVERALLY,

                Defendants.
----------------------------------------------------------------X

APPEARANCES:

    LEEDS MORELLI & BROWN, P.C.
    BY: JEFFREY K. BROWN, ESQ.
    Attorneys for Plaintiff
    One Old Country Road, Suite 347
    Carle Place, NY 11514

    THE CULLEN LAW FIRM
    BY: JOSEPH A. BLACK, ESQ.
        DANIEL E. COHEN, ESQ.
    Attorneys for Plaintiffs
    1101 30th Street, N.W. Suite 300
    Washington, D.C. 20007

    GOTTLIEB & ASSOCIATES
    BY: JEFFERY M. GOTTLIEB, ESQ.
    Attorneys for Plaintiffs
    150 East 18th Street Suite PHR
    New York, New York 10003

    BARRY N. GUTTERMAN & ASSOCIATES, P.C.
    BY: BARRY N. GUTTERMAN, ESQ.
    Attorneys for Defendant Triple Crown Mafucci Storage Corp.,
    Triple Crown Moving & Storage, Inc., Judd Levine, Paul Levine
    85 Davids Way
    Bedford Hills, New York 10507

DOMBROFF GILMORE JACQUES & FRENCH
BY: KAREN M. BERBERICH, ESQ.
Attorneys for Defendants Bekins Van Lines, LLC
40 Broad Street Suite 701
New York, New York 10004-2382

WEXLER, District Judge

This action, commenced by three Plaintiffs, originally alleged both federal and state causes of action arising out of the Plaintiffs' shipment of household goods by the Defendant companies. One Plaintiff has settled her claim with Defendants.[1] The two Plaintiffs who remain seek to pursue claims on behalf of themselves, and a class of individuals alleged to be similarly situated.

Plaintiffs claim, inter alia, that Defendants are engaged in a pattern and practice of quoting lower shipping prices than those ultimately charged – a practice referred to as "low-balling" estimates – with the intent of charging higher amounts.[2] The core of Plaintiffs' complaint rests on allegations arising out of price quotes based upon estimated weight of shipped goods, as compared to the weights ultimately billed. Plaintiffs allege, and have come forward with evidence to support the allegation, that Defendants often failed to actually weigh shipped goods. Instead, Plaintiffs' proffered evidence tends to show that Defendants charged fees based upon false weights arbitrarily assigned to shipments so as to increase prices ultimately charged to Plaintiffs and members of the proposed class.

---

[1] Remaining for disposition at the conclusion of this matter is Plaintiffs' counsels' motion for attorneys' fees alleging that the settlement was inappropriately reached and not authorized by counsel.

[2] The amended complaint also alleges overcharging with respect to add-on services, including fuel supplements and insurance premiums on policies. Plaintiffs reply memorandum of law states that they seek damages "only for the difference between the estimated weight and the final weight." Thus, they appear to have abandoned any claim other than a claim based upon a false weight.

Defendants have previously moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint. In the context of that motion, Defendants argued that Plaintiffs' state law claims were preempted by a broad theory of field preemption, as well as by a specific statutory provision. In a Memorandum and Order dated October 25, 2010, this court rejected the preemption arguments raised. See Frey v. Bekins Van Lines, Inc., 748 F. Supp.2d 176 (E.D.N.Y. 2010). Thereafter, this court ruled on Defendants' motion, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. In an Memorandum and Order dated August 9, 2011, this court granted the motion, holding that "state laws with respect to fraud, negligence, unjust enrichment and consumer protection" were preempted by 49 U.S.C. §14501(c)(1). Frey v. Bekins Van Lines, Inc., 802 F. Supp.2d 438, 443 (E.D.N.Y. 2011). The court therefore dismissed Plaintiffs' fifth through eleventh causes of action which alleged various state law claims including fraud, negligence, unjust enrichment and the violation of state consumer protection laws. Id.

Presently before the court is Plaintiffs' motion, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, to certify a class to litigate the claims that remain on behalf of a proposed class. The claims that survived the two motions to dismiss are Plaintiffs' first, second, third and thirteenth causes of action. These causes of action allege violation of federal statutes and regulations. Pre-motion summary judgment correspondence to this court make clear that Plaintiffs do not intend to pursue the first cause of action as a separate cause of action, but intend only to rely on this statute to clarify their class definition. Accordingly, when determining the issues relevant to this motion for class certification, the court considers only the second, third and thirteenth causes of action. Those causes of action allege, respectively, violations of 49 U.S.C. §13708(a) (second cause of action); 49 U.S.C. §13708(b) (third cause of action) (collectively the "Section 13708 Causes of Action"), and 49 C.F.R. §§375.215, 375.519 (thirteenth cause of

3

action) (the Regulations). The Section 13708 Causes of Action alleged that Defendants failed to disclose "actual rates, charges, or allowances for any transportation service and . . .whether and to whom any allowance or reduction in charges [were] made" and that Defendants presented "false or misleading information on a document about the actual rate, charge, or allowance to any party to the [shipping] transaction." 49 U.S.C. §§13708(a)(b). The Regulations alleged to have been violated: (1) require the issuance of an "honest, truthful freight or expense bill . . . ." 49 C.F.R. § 375.215, and (2) set forth specific requirements with respect to the preparation and retention of weight tickets, see 49 C.F.R. § 375.519

## BACKGROUND

I.  The Parties and Plaintiffs' Allegations

The court assumes familiarity with the identity of the parties and the facts as set forth in the court's prior decision denying the motions to dismiss. Briefly stated, Plaintiffs are individuals who have used Defendants' shipping services. Plaintiffs' shipments originated in New York and terminated in their current states of residence. Defendant Bekins Van Lines, LLC ("Bekins") is a motor carrier engaged in the business of transporting household goods. It is a party to an agency agreement with Defendant Triple Crown Mafucci Storage Corporation, ("Triple Crown"), pursuant to which Triple Crown acts as Bekins' agent in the transportation of, inter alia, household goods.

At the core of Plaintiffs' claims are allegations regarding the inaccuracy and fraudulent nature of weight tickets assigned to shipments. Plaintiffs allege that Defendants violated various laws that require the presentation of true weight tickets substantiating charges based upon the weight of shippers' good. Plaintiffs assert that Defendants (or their agents) were required to properly weigh shipped goods so as to provide accurate bills to customers who received non-binding estimates of shipping charges. Plaintiffs state that estimates provided to them and to

4

members of the proposed class were far exceeded based upon false weight tickets. Essentially, Plaintiffs allege that their goods were either not weighed at all, or inaccurately weighed so as to increase their final charges. The weight tickets submitted to customers are alleged to have been false, fraudulent and/or altered by Defendants.

II.     Facts Established During Discovery

Plaintiff Frey is a resident of the State of California and Plaintiff Ruiz is a resident of the State of Arizona. Defendant Bekins transported goods for Frey in 2007, and for Ruiz in December of 2008. Plaintiffs' shipments originated in New York and terminated in their current states of residence.

During the course of discovery, the parties took depositions of Plaintiffs as well as those of third party witnesses. Among those third party witnesses deposed were Terry Anderson ("Anderson"), a former Triple Crown truck driver, Andy Mangual ("Mangual"), a former Triple Crown dispatcher, and Kevin White, ("White") a former Triple Crown Sales Representative. Each of these deponents testified as to weighing practices that they witnesses when employed by Triple Crown. Anderson and Mangual testified as to instances where the weights reported on weight tickets were inflated beyond the actual weight of the shipment. Anderson testified that weight tickets were not generated after the actual weighing of trucks. Instead, employees searched through a stack of pre-existing weight tickets in search of a ticket bearing the amount desired, and used that ticket to represent the shipment that was purportedly weighed.

Both witnesses stated that the falsification of weights occurred on several occasions throughout their tenures with Triple Crown. Third party witness White testified that he observed Mangual going through pre-existing weight tickets in search of a ticket with a desired weight to attach to a shipment. White referred to such tickets as "fake," meaning that although the ticket was an actual weight ticket, it was not generated from the current shipment, but instead, was

5

"recycled" from a prior shipment. Third party witness Karen Crisci, a former Triple Crown Rating Clerk testified similarly as to a "stash" of weight tickets. Third party witness Robert Benedict, a former Triple Crown driver also testified as to the false weighing practices referred to above.

Defendants dismiss Plaintiffs' proffer of evidence as nothing more than the testimony of former disgruntled Triple Crown employees. These employees are alleged to have been represented by Plaintiffs' counsel in a prior employment discrimination lawsuit. For a variety of reasons which the court will not detail here, their testimony is alleged to be severely compromised and lacking in credibility. In support of its position, Bekins states that it follows its policy manual which assures its agents' compliance with federal regulations and proper company procedures. Moreover, Bekins submits testimony of its witnesses setting forth compliance with company policies. Defendants also point the court to Plaintiffs' testimony indicating their failure to read explanatory documents provided by Bekins and generally lacking in knowledge as to the proper claims procedures, and the manner in which shipped goods are weighed. Additionally, Defendants state that increased charges to the named Plaintiff reflect not additional weight of good shipped, but a variety of "add-on" charges having no relation to the claims in this lawsuit.

After setting forth applicable class action certification principles, the court will turn to the merits of this motion.

## DISCUSSION

I.   <u>Class Certification: Legal Principles</u>

Motions for class certification are governed by Rule 23 of the Federal Rules of Civil Procedure. When determining a motion for class certification, the court determines first whether the party seeking certification has satisfied the four prerequisites of Rule 23(a) of the Federal Rules of Civil. Thus, the court decides whether:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); see, e.g., Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011); Marisol A. v. Giuliani, 126 F.3d 372, 375 (2d Cir.1997); Ramos v. SimplexGrinnell LP, 796 F. Supp.2d 346, 353 (E.D.N.Y. 2011).

Numerosity requires that the class be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). This requirement is assumed to be satisfied if the putative class reaches forty members. Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir.1995). Commonality requires a plaintiff to demonstrate that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). The commonality requirement can be satisfied by the existence of a single common question of fact or law. See Dukes, 131 S. Ct. at 2556 ("[F]or purposes of Rule 23(a)(2) even a single common question will do." (internal quotations and alterations omitted)); In re Agent Orange Product Liability Litigation MDL No. 381, 818 F.2d 145, 166–67 (2d Cir.1987) (defense common to all defendants sufficient to satisfy commonality requirement).

Typicality requires a plaintiff to establish that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3); see also Brown v. Kelly, 609 F.3d 467, 475 (2d Cir.2010). This requirement is satisfied when each class member's claim arises from the same course of events, and each class member makes essentially the same legal and factual arguments to prove the defendant's liability. Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir.1997). "While it is settled that the mere existence of

7

individualized factual questions with respect to the class representative's claim will not bar class certification, class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 59 (2d Cir.2000).

If the requirements of Rule 23(a) are met, the court then considers whether one of the subsections of Rule 23(b) is also satisfied. Brown v. Kelly, 609 F.3d 467, 475 (2d Cir. 2010); Marisol A., 126 F.3d at 375-76. Plaintiffs here seek class certification pursuant to Rule 23(b)(3). That rule provides for class certification if "the questions of law or fact common to the members of the class predominate" over individual issues and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Issues arising from allegations of commonality with respect to Rule 23(a) are also relevant to the Rule 23(b)(3) inquiry, which requires the court to determine whether common questions "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3); In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 136 n. 6 (2d Cir.2001) (addressing commonality and typicality in the context of the predominance requirement of Rule 23(b)(3)). Whether a court is required to determine that a particular question is common to the class for either commonality or predominance purposes, the analysis is the same. Required is a determination that plaintiffs' claims "depend upon a common contention" that is "of such a nature that it is capable of classwide resolution." Dukes, 131 S.Ct. at 2551. A claim is capable of class-wide resolution when the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id.

When deciding a motion for class certification, the court cannot consider only the bare allegations of a pleading. Instead, a "rigorous" analysis is required, often entailing consideration of issues that overlap with the merits of the claims. Dukes, 131 S. Ct. 2541, 2551-52; see General

8

Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982). A class action may be maintained only if the class representative is a part of the proposed class who has the same "interest" and suffered the same injury as class members. Dukes, 131 S. Ct. at 2550. As to commonality, "[w]hat matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Id. at 2551 (quotation omitted).

While the court does not decide the Plaintiffs' case on the merits, it must, in view of the requirements set forth above, consider the elements of the Plaintiffs' claim when determining whether it is appropriate to certify the requested class. Therefore, with an eye toward the merits of Plaintiffs' claims, the court reviews their class action allegations.

II.     Class Allegations

   A.     Class Definition/Numerosity

Plaintiffs initially proposed a class defined to include "all persons or entities whose household goods were shipped by Defendants." In response to Defendants' response to the class certification motion, Plaintiffs offer to refine their class definition to include:

all persons or entities who whose

(a) household goods were shipped by Defendants, (excluding government, military, and corporate shipments),
(b) whose goods were shipped pursuant to non-binding estimates, from December 11, 2005, to date and
(c) whose paid in excess of 110% of the estimate received[3] and,
(d) whose weight tickets are either missing or are non-compliant with federal regulations.

Plaintiffs state that records reveal that the class consists of over 6,000 potential class members who used any Bekins' agent and in excess of 700 class members who used Triple

---

[3]     Plaintiffs' class definition states "the estimate was over 110%." The court assumes that Plaintiffs mean to define the class to include those who ultimately paid more that 110% of the estimated shipping cost quoted.

9

Crown's shipping services. Plaintiffs have obtained and reviewed the records and weight tickets associated with shipments of 1,700 of the 6,000 Bekins customers. According to Plaintiffs, approximately 40% of those tickets are not compliant with regulations either because they do not exist or because they either do not contain required information.

B.  Commonality

As to commonality, Plaintiffs allege that Defendants have a uniform policy of fraud with respect to the preparation of weight tickets. Specifically, it is alleged that there exists a policy of providing weight estimates to household goods shippers, and thereafter charging an amount based upon higher unsubstantiated weights. Plaintiffs allege that Defendants' alleged practice shows a consistent violation of federal law. While the actual amount of damages will differ among Plaintiffs, each class member is alleged to have suffered the same type of damage. Such damages are alleged to be easily calculable by comparing computerized records of estimated shipping costs versus actual costs billed.

C.  Typicality

Plaintiffs alleged that their claims are typical of the class in that both Frey and Ruiz received price quotes based upon estimated weights that were far exceeded by the "actual" weight of their shipments. As to Frey's shipment, Plaintiffs state an additional charge based upon a 30% increase in weight. Ruiz alleges that she was charged an additional 20% based upon the stated actual weight. Both named plaintiffs allege that the stated actual weight charges were false.

D.  Rule 23(b)(3)

As referred to above, Plaintiffs have submitted to the court a printed record of Bekins' computerized records. Those records are stated to reveal each customer alleged to be a member of the class. Each customer's estimated weight and actual weight are recorded. The damages are

calculated based upon the difference in weights. Plaintiffs argue that use of these simple numbers make the claims raised herein readily manageable as a class action.

III.     Disposition of the Motion

Like the case presented to the Supreme Court in Dukes, the court finds that this case hinges on issues of commonality. In Dukes, the proposed class consisted of a nationwide class of female Wal-Mart employees alleging discrimination based upon gender. Even assuming the truth of the Dukes plaintiffs' contention as to a corporate culture of gender discrimination, the Supreme Court held that a damages class could not be certified. Denying certification, the Court noted that the resolution of any individual plaintiffs' claim required a determination of "the reason for a particular employment decision," Dukes, 131 S. Ct. at 2552, quoting, Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 876 (1984). Existence of this important individual issue was held to render the case unmanageable as a class action. Id. As discussed in further detail below, the court holds that common issues neither predominate nor render a class action superior or manageable. Therefore, the court denies the motion.

As noted above, Plaintiffs' allegations of commonality stem from the stated common corporate policy of preparing fraudulent weight tickets. Even allowing for the possibility that such a uniform policy existed, Plaintiffs make an impermissible leap from the existence of such a policy to the management of a class action. Importantly, each member of the proposed class – even if limited in definition as set forth above – is subject to a variety of defenses and issues arising therefrom explaining why the ultimate amounts billed differed from the estimates.

Plaintiffs note the difference between estimates and the amount billed and conclude that the actual weight of no single shippers' shipment actually exceeded the estimated weight, and that each ticket was either fraudulently prepared, or never in fact existed. This leap in logic is simply too broad. While Plaintiffs' discount the possibility that any class members' shipment

11

may have indeed, actually exceeded the estimated weight, it is certainly within the reasonable realm of possibilities that this was the case. Indeed, the nature of an "estimated" cost makes this outcome entirely likely. The key issue of whether any and all differences between estimated costs and actual cost billed can be attributed to fraudulent, missing or destroyed weight tickets cannot be answered "uniformly on a class-wide basis." Haynes v. Planet Automall, Inc., 276 F.R.D. 65, 79 (E.D.N.Y. 2011). Instead the court holds that it would be entirely speculative to assume that each and every amount ultimately billed was based upon a fraudulent weight. While this may be true in individual circumstances, there are likely as many shipments that exceeded estimated costs because the estimated weight was low, or a variety of other reasons including the possibility that shippers were charged for add-on services including packing and/or additional boxes.

The individual Plaintiffs may be able to prove their claims, but that does not translate into a holding that they can prove a broad policy, uniformly adhered to, that entitles each and every shipper to recoup an amount equal to the difference between the estimated and actual cost of shipping. Put simply, the reason why any individual shippers' ultimate cost exceeded the estimated cost is not an issue that is amenable to class treatment. Accordingly, Plaintiffs cannot establish that the proposed class action satisfies the requirements of Rule 23. The motion for class certification must therefore be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for class certification is denied.

SO ORDERED

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
April 2, 2012