UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MELINDA FREY and YAJAIRA RUIZ MERCEDES,
Individually and on behalf of all other persons
similarly situated,

                Plaintiffs,

    -against-

BEKINS VAN LINES, INC. TRIPLE CROWN
MAFUCCI STORAGE CORP., TRIPLE CROWN
MOVING & STORAGE, INC., JUDD LEVINE,
PAUL LEVINE and JOHN DOES #1-10,
JOINTLY and SEVERALLY,

                Defendants.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y
★ JUL 05 2012 ★
LONG ISLAND OFFICE

CV 09-5430
(Wexler, J.)

APPEARANCES:

    LEEDS MORELLI & BROWN, P.C.
    BY: JEFFREY K. BROWN, ESQ.
    Attorneys for Plaintiff
    One Old Country Road, Suite 347
    Carle Place, NY 11514

    THE CULLEN LAW FIRM
    BY: JOSEPH A. BLACK, ESQ.
         DANIEL E. COHEN, ESQ.
    Attorneys for Plaintiffs
    1101 30th Street, N.W. Suite 300
    Washington, D.C. 20007

    GOTTLIEB & ASSOCIATES
    BY: JEFFERY M. GOTTLIEB, ESQ.
    Attorneys for Plaintiffs
    150 East 18th Street Suite PHR
    New York, New York 10003

    BARRY N. GUTTERMAN & ASSOCIATES, P.C.
    BY: BARRY N. GUTTERMAN, ESQ.
    Attorneys for Defendant Triple Crown Mafucci Storage Corp.,
    Triple Crown Moving & Storage, Inc., Judd Levine, Paul Levine
    85 Davids Way
    Bedford Hills, New York 10507

    DOMBROFF GILMORE JACQUES & FRENCH
    BY: KAREN M. BERBERICH, ESQ.

1

Attorneys for Defendants Bekins Van Lines, LLC
40 Broad Street Suite 701
New York, New York 10004-2382

WEXLER, District Judge

This action, commenced by three Plaintiffs, originally alleged both federal and state causes of action arising out of the Plaintiffs' shipment of household goods by the Defendant companies. One Plaintiff has settled her claim with Defendants. The remaining two seek to pursue claims on behalf of themselves and a class of individuals alleged to be similarly situated.

Plaintiffs claim, inter alia, that Defendants are engaged in a pattern and practice of quoting lower shipping prices than those ultimately charged – a practice referred to as "low-balling" estimates – with the intent of charging higher amounts. Plaintiffs' complaint rests on allegations arising out of price quotes based upon estimated weight of shipped goods, as opposed to weights ultimately billed. It is alleged that Defendants charged fees based upon false weights arbitrarily assigned to shipments so as to increase prices.

Defendants have previously moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint. In the context of that motion, Defendants argued that Plaintiffs' state law claims were preempted by a broad theory of field preemption, as well as by a specific statutory provision. In a Memorandum and Order dated October 25, 2010, this court rejected the preemption arguments raised. Frey v. Bekins Van Lines, Inc., 748 F. Supp.2d 176 (E.D.N.Y. 2010). Thereafter, this court ruled on Defendants' motion, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. In an Memorandum and Order dated August 9, 2011, this court granted the motion, holding that "state laws with respect to fraud, negligence, unjust enrichment and consumer protection" were preempted by 49 U.S.C. §14501(c)(1). Frey v. Bekins Van Lines, Inc., 802 F. Supp.2d 438, 443 (E.D.N.Y. 2011). The court therefore dismissed Plaintiffs' fifth through eleventh causes of action which alleged various state law claims including fraud, negligence, unjust enrichment and the violation of state consumer protection laws. Id.

In a Memorandum and Opinion dated April 2, 2012, this court denied Plaintiffs' motion to certify a class to pursue those claims that remain, under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Frey v. Bekins Van Lines, Inc., 2012 WL 1107719 (E.D.N.Y. 2012). Presently before the court is a motion to reconsider the denial of class action status.

## DISPOSITION OF THE MOTION

I. Legal Standard

Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); Almonte v. City of Long Beach, 2005 WL 1971014 *1 (E.D.N.Y. 2005). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ." Nowacki v. Closson, 2001 WL 175239 *1 (N.D.N.Y. 2001), quoting, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See id.; see also Altamonte, 2005 WL 1971014 at *1. The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Altamonte, 2005 WL 1971014 at *1 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991).

II. The Motion for Reconsideration is Denied

When denying the motion for class certification the court held that common issues neither predominated nor rendered a class action superior or manageable. In particular, the court focused on the allegations regard the accuracy of weight tickets. The court held that Plaintiffs made an

3

"impermissible leap" from the existence of a policy of inaccuracy to the management of a class action. The court noted that each member of the proposed class would be subject to a variety of defenses and issues arising therefrom explaining why the ultimate amounts billed differed from the estimates. While acknowledging that the individual Plaintiffs might be able to prove their claims, the court noted that this did not mean that they could prove a broad policy, uniformly adhered to, entitling each and every shipper to recoup the entire amount billed over what was clearly an "estimated" cost.

Plaintiffs argue that reconsideration is warranted to correct clear error. Specifically, Plaintiffs argue that this court misunderstood Plaintiffs' proposed class definition. The court has reviewed the motion papers and found no such error. To the contrary, this court adheres to its decision that the predominance of individual issues requires denial of class certification. Plaintiff also argues, in the alternative, that the court should certify a class to provide for injunctive relief. Bekins argues that injunctive relief is moot because it is no longer in the business of transporting household goods – a factual assertion that Plaintiffs assert is untrue. The court denies any motion for injunction relief at this time, without prejudice to renewal after trial of this matter which is scheduled for September 17, 2012.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied. The Clerk of the Court is directed to terminate the motion appearing at Docket entry number 103 in this matter.

SO ORDERED

/s/ LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
~~April~~ , 2012
July 5,

4